IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CURTIN MARITIME, CORPORATION, a California corporation, | Case No. 6:24-cv-00810-MC |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| TRADE WEST CONSTRUCTION, INC., a Nevada corporation, ENDURANCE ASSURANCE CORPORATION, a Delaware corporation, | |
| Defendants. | |

_____

MCSHANE, J.:

Plaintiff Curtin Maritime Corporation ("Curtin") entered into a bareboat charter agreement ("the Charter") with Defendant Trade West Construction ("Trade West"). Trade West utilized the barge—the "LOST PT."—to bring jetty rock from Long Beach, California to Coos Bay, Oregon for a federal construction project. Trade West executed a bond through Defendant Endurance for the Coos Bay North Jetty construction project. Following cross-motions for partial summary judgment, Trade West moved for leave to amend its First Amended Answer and add a third-party complaint.[1] Trade West's Motion for Leave to add new counterclaims is GRANTED. Because Trade West's Motion to add a third-party complaint is untimely and prejudicial, it is DENIED.

_____

[1] Defendant Endurance joins this Motion to the extent it seeks to file a First Amended Answer. Endurance seeks to amend its affirmative defenses to mirror those asserted by Trade West. Defs.' Mot. For Leave to File Sec. Am. Answer 2, ECF No. 48.

## BACKGROUND

In February 2022, Trade West contracted with the United States Army Corps of Engineers to restore the Coos Bay North Jetty in Oregon (the "Project"). Leavitt Decl. 2, ECF No. 49. As part of the Project, the Miller Act required Trade West to provide a payment bond to secure the Project's contracts. 40 U.S.C. § 3131. Trade West executed a Performance Bond and a Payment Bond through Defendant Endurance. On January 24, 2023, Curtin and Trade West entered into a Standard Bareboat Charter and a Standard Towage Agreement for tug and barge services. Leavitt Decl. Ex. 1, at 6, ECF No. 49.

The U.S. Army Corps of Engineers required Trade West to deliver a strength assessment of the barge as a condition of the Project. Webster Decl. 12, ECF No. 51. Trade West contracted with Nordholm Companies to perform the deck strength assessment. *Id*. Trade West alleges that Nordholm never visited the barge during its assessment and "relied heavily on documents provided by Curtin showing the condition of the LOST PT." Defs.' Mot. 3, ECF No. 48. Trade West further alleges that Curtin did not disclose to Nordholm that the LOST PT. had been previously damaged without full repair. *Id*. Resultantly, according to Trade West, Nordholm's April 2023 strength assessment did not account for the previous damage. *Id*. at 4. The strength assessment found the deck plating thickness to be 0.500 inches. Defs.' Mot. Ex. 1 at 484. Nordholm calculated that the cargo deck thickness needed to be at least 0.497 inches to sufficiently handle Trade West's intended use of the barge. *Id*. at 485. In its calculations, Nordholm assumed uniform loading of the large jetty boulders. Defs.' Mot. Ex. 3 at 29. Trade West suggests that the jetty stones were not and could not be uniformly loaded across the deck. Defs.' Mot. 4. Trade West alleges that it would not have contracted with Curtin for the use of the LOST PT. had Nordholm's strength assessment been "more thorough and accurate[.]" Defs.' Mot. Ex. 1 at 17.

Procedural History

Curtin filed its complaint in May 2024. Pl.'s Compl., ECF No. 1. Trade West filed an initial answer to the complaint in June 2024. Defs.' Answer, ECF No. 9. In December 2024, Trade West moved for leave to amend its answer. Defs.' Mot. For Leave, ECF No. 28. This Court granted Trade West's undisputed motion; a First Amended Answer was submitted in December 2024. Defs.' Am. Answer, ECF No. 31. The Parties proceeded to engage in discovery, which, after an extension, concluded on July 14, 2025. Also in July 2025, Curtin and Trade West filed cross motions for partial summary judgment. On August 1, Trade West sought leave to amend its answer a second time and add a third-party complaint. Defs.' Mot. Trade West states a need to amend based on "evidence only discovered late in the discovery process." Defs.' Reply to Mot. For Leave 2, ECF No. 60.

## STANDARD

After amending once, a party may amend a pleading with the court's leave. Fed. R. Civ. P. 15(a). District courts have significant discretion when considering leave to amend and should grant leave "when justice so requires." *DCD Progs., Ltd. v. Leighton,* 833 F.2d 183, 185–186 (9th Cir. 1987); Fed. R. Civ. P. 15. Leave to amend should be given absent a strong showing of prejudice, undue delay, bad faith, futility, or where a previous amendment failed to cure the deficiencies. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Undue prejudice to an opposing party is given the greatest weight, and its presence alone is sufficient to deny leave to amend. *Id*. Conversely, undue delay by itself is insufficient grounds for denial. *DCD Progs., Ltd.,* 833 F.2d at 186.

Undue delay weighs against a party's request to amend pleadings under Rule 15. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Moving for

3 – OPINION AND ORDER

leave to amend after the close of discovery and during the pendency of summary judgment motions reflects undue delay. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991). Amendments adding parties are not as freely granted as amendments adding claims. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). Proposed amendments should be filed in a reasonable time after a party knew or should have known the relevant facts and theories for an amendment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (finding an eight-month delay in requesting leave to be unreasonable).

## **DISCUSSION**

Trade West requests leave to amend its counterclaims and affirmative defenses for a second time. Defs.' Mot. 7. Trade West also asks to file a third-party complaint against Nordholm, alleging Nordholm is responsible for Curtin's claimed damages. *Id.* Curtin opposes the Motion and argues the amendments are untimely, prejudicial, futile, and made in bad faith. Pl.'s Resp. to Defs.' Mot. For Leave at 2, ECF No. 50. Trade West denies the existence of bad faith, undue delay, futility, and prejudice. Defs.' Mot. 7. Because Trade West's proposed amended counterclaims simply clarify existing arguments, the Motion is not detrimentally prejudicial. However, this Court agrees with Curtin as to the fatal factors of timeliness and prejudice regarding Trade West's proposed third-party complaint.

## I.    **Trade West's Proposed Counterclaims**

Trade West seeks to add five new claims against Curtin. The proposed claims allege that Curtin: (1) did not offer Trade West an opportunity to negotiate the terms of the Charter; (2) denied Trade West sufficient time or opportunity to conduct an adequate pre-delivery inspection of the barge; (3) advised Trade West against a suitability survey for the barge; (4) did not allow Trade West to operate, command, and control of the LOST PT. according to the Charter; and (5) did not

provide Trade West time or reasonable opportunity to perform the necessary On-Hire Survey or deck strength assessment before executing the Charter. Defs.' Mot. Ex. 2 at 12–15, 20. Trade West further desires to add a new cause of action that contests the adequacy of the temporary modifications made by Curtin during the Charter Term. *Id*. 25–26.

Trade West raises the following allegations—illuminated during discovery—as the bases of its need to amend: (1) Curtin did not disclose necessary information about the condition of the LOST PT. to On-Hire Survey and deck strength assessment surveyors; (2) On-Hire surveyors failed to accurately report the condition of the vessel in the On-Hire Survey; (3) Curtin did not report damage or repairs of the LOST PT. during the Charter Term to the American Bureau of Shipping; and (4) Curtin has chartered the LOST PT. to another customer while continuing to charge Trade West charter hire and dockage fees. Defs.' Reply to Mot. 2.

Trade West's newly proposed counterclaims simply clarify its breach of contract theories that Trade West wishes to assert at trial. Trade West acknowledges that the "purpose in offering these amendments is merely to more formally and expansively put all parties on notice of what they already know and expected" about the existing allegations against Plaintiff. Defs.' Mot. 7. The familiar nature of these new claims should not surprise Curtin, nor demand that Curtin exhaust considerable resources to defend against them. Granting the Motion is unlikely to delay proceedings or prejudice Curtin in any meaningful way.

## II.    Trade West's Proposed Third-Party Complaint Is Untimely and Prejudicial

Trade West also moves to add a third-party complaint against Nordholm. Trade West asserts five causes of action against Nordholm related to the deck strength assessment: (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) failure of consideration; (4) invalid contract; and (5) breach of implied warranty of workmanlike

performance. Defs.' Mot. Ex. 2 at 36–41. In summary, Trade West alleges that Nordholm knowingly performed a deck strength assessment and provided recommendations to Trade West that failed to account for the condition of LOST PT. or its ability to haul the intended non-uniform jetty stone.

According to Trade West, Nordholm's alleged actions resulted in Trade West incurring costs by needing to secure alternative transport for the project, and in Curtin bringing the claims at issue here against Trade West. Defs.' Mot. Ex. 2 at 36. Trade West alleges that Nordholm is responsible for the costs incurred in providing alternative transport for the jetty stone and asks the Court to direct Nordholm to indemnify Trade West against any judgment in favor of Curtin. *Id.* at 41–42. Curtin responds by arguing that Trade West could have asserted these claims against Nordholm long before the close of discovery. Pl.'s Response to Defs.' Mot. 14. Curtin further argues that adding a third-party would prejudice Curtin by requiring new discovery, raising its litigation expenses, and delaying the litigation process. *Id.* 17.

This Court agrees with Curtin. While courts liberally permit third-party complaints to enhance judicial efficiency, it mustn't be at the cost of prejudice and undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Trade West knew or should have known that it could bring these exact allegations against Nordholm when the LOST PT. first sustained damage. Henderson Decl. Ex. 10 at 1, ECF No. 44. Trade West does not point to any meaningful evidence unearthed during discovery that justifies the late addition of its proposed third-party complaint. Discovery has concluded and cross-summary judgment motions have been briefed. The motion is unduly late.

Most significantly, the overdue third-party complaint would prejudice both Curtin and Nordholm. Trade West defends the Motion by highlighting that Nordholm has already participated in discovery and that Trade West would be willing to extend discovery deadlines. Defs.' Mot. 8.

These offerings are unsatisfying. Curtin would suffer increased litigation costs and delayed resolution of the underlying dispute if discovery were to be reopened, and new dispositive motions would likely need to be filed. Moreover, Nordholm would be prejudiced by little time to prepare and present its defense before and during a trial. Finally, Trade West's allegations against Nordholm are distinct enough from this dispute that they may be separately given fair judgment.

## CONCLUSION

For the foregoing reasons, Trade West's Motion for Leave (ECF No. 48) is GRANTED in part. Trade West may file a Second Amended Answer and Counterclaim. But Trade West's request to file a Third-Party Complaint DENIED. IT IS SO ORDERED.

Dated this 3rd day of November 2025.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge